UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


DAVID LAMAR BANKS (#313249)

VERSUS                                          CIVIL ACTION

N. BURL CAIN, ET AL                             NUMBER 13-800-BAJ-SCR

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, March 28, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAVID LAMAR BANKS (#313249)

VERSUS                                          CIVIL ACTION

N. BURL CAIN, ET AL                             NUMBER 13-800-BAJ-SCR

## MAGISTRATE JUDGE'S REPORT

Before the court on the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by David Lamar Banks.

For the reasons which follow, the petition should be denied.

## I. Procedural History

David Lamar Banks was found guilty of one count of possession with intent to distribute cocaine in the Nineteenth Judicial District Court for East Baton Rouge Parish, Louisiana on October 17, 2008. Petitioner was adjudicated a fourth felony habitual offender and was sentenced to life imprisonment at hard labor without the benefit of probation or suspension of sentence.

On direct appeal the petitioner asserted a single assignment of error: insufficient evidence to support the conviction.

The Louisiana First Circuit Court of Appeal affirmed the petitioner's conviction, habitual offender adjudication and sentence. *State of Louisiana v. David Lamar Banks,* 2009-0723 (La.

App. 1st Cir. 9/11/09) (unreported opinion).   Petitioner did not seek review by the Louisiana Supreme Court.

Petitioner filed an application for post-conviction relief ("PCRA") on October 11, 2010.[1]  Petitioner asserted the following grounds for relief:

1.   He was denied his Sixth and Fourteenth Amendment right to appellate review and his constitutional right to a transcript.

2.   His Sixth Amendment right to a fair trial was violated during the jury selection.

3.   His due process rights were violated when the court failed to sequester the jury during a trial recess.

4.   The prosecutor improperly vouched for the credibility of State witnesses.

5.   The jury instructions were contrary to his due process guarantees.

6.   He was denied effective assistance of counsel.

On November 16, 2012, the trial court denied the petitioner's PCRA.[2]

Petitioner signed his application for supervisory review on February 22, 2013 and it was filed in the Louisiana First Circuit Court of Appeal on February 26, 2013.[3]  The Louisiana First Circuit

---

[1] State Court Record, Vol. 3.

[2] Record document number 10, State Court Record, Ancillary Volume.

[3] Petitioner attached copies of portions of the state court record as exhibits to his § 2254 habeas corpus petition. Petitioner relied upon these exhibits to support his assertion
(continued...)

Court of Appeal denied review on May 20, 2013. *State of Louisiana v. David Banks*, 2013-0335 (La. App. 1st Cir. 5/20/13).[4] On June 3, 3013, the petitioner sought review in the Louisiana Supreme Court, which denied review on November 22, 2013. *State ex rel. David Banks v. State of Louisiana*, 2013-1354 (La. 11/22/13), 126 So.3d 480.

Petitioner signed his federal habeas corpus application on December 16, 2013, and it was filed on December 17, 2013.

Petitioner asserted the following grounds for relief:

Ground one:     He was denied his right to appellate review and his constitutional right to a transcript.

Ground Two:     His right to a fair trial was violated during jury selection.

Ground Three:   The trial court erred when it failed to sequester the jury during a recess of the trial.

---

[3](...continued)
that he filed his application for supervisory review in the Louisiana First Circuit Court of Appeal on February 2, 2013. However, it is appears that certain portions of the petitioner's Exhibit 6, record document number 1-4, pp. 17 and 28, are not authentic and the correct filing date for purposes of 28 U.S.C. § 2244(d)(1)(A) is February 22, 2013. See record document number 10, State Court Record, Ancillary Volume.

Although the State questioned the authenticity of several exhibits submitted by the petitioner, including Exhibit 6, the petitioner offered no explanation for the apparent alteration to the documents. Because a copy of the supervisory review application was obtained by the State directly from the Louisiana First Circuit Court of Appeal, there is no doubt that the correct filing date of the application is February 22, 2013, and not February 2, 2013, as asserted by the petitioner.

[4] Record document number 1-4, p. 30.

3

Ground Four:    The prosecutor improperly vouched for the credibility of the State witnesses.

Ground Five:    The jury instructions were contrary to his due process guarantees.

Ground Six:     He was denied effective assistance of counsel.

## II. Applicable Law and Analysis

### A. Background

In its Answer to Petition For Writ of Habeas Corpus[5] and a Memorandum in Opposition to Petition for Writ of Habeas Corpus[6] the State argued that the petition is untimely.

First, the State argued that the petition is untimely because the petitioner's state court Motion for Production of Documents did not toll the AEDPA's one-year limitations period between the conclusion of direct review and the filing of his collateral review, i.e. the PCRA.

Second, the State argued that the petitioner's PCRA ceased to be properly filed after he untimely filed a writ application in the Louisiana First Circuit Court of Appeal. Specifically, the State argued that the petitioner's supervisory review application, signed on February 22, 2013 and filed in the Louisiana First Circuit Court of Appeal on February 26, 2013, did not conform to the filing deadlines set forth in the Uniform Rules-Courts of Appeal. The

---

[5] Record document number 7.

[6] Record document number 8.

4

State argued that as a result, the application filed on February 26, 2013 was not timely filed for purposes of § 2254(d)(2) and did not toll the AEDPA limitations period.

Petitioner argued in his petition, and in his Objection to States Answer to Petition for Writ of Habeas Corpus,[7] that the trial court set a return date of March 8, 2013 to seek supervisory review by the Louisiana First Circuit Court of Appeal from the denial of his PCRA by the trial court.

Because the petitioner did not attach a copy of the referenced order to either his petition or his objection, and the State Court Record does not contain a copy of such order, the petitioner was ordered to supplement his petition with a copy of the state trial court order which set the March 8, 2013.[8]  In response to the court's order, the petitioner supplemented the record with a copy of an order purportedly signed on February 13, 2013 and granting the petitioner until March 8, 2013 to seek review by the appellate court.[9]  The State filed a response questioning the authenticity of the February 13, 2013 order, to which the petitioner filed an objection.[10]

---

[7] Record document number 9.

[8] Record document number 11.

[9] Record document number 12-1, Supplement To Petition w/ Copy of State Trial Court Order Setting Return Date of March 8, 2013.

[10] Record document number 13, Response To Petitioner's
(continued...)

5

**B. Timeliness**

Under § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act, a prisoner in custody pursuant to the judgment of a state court has a one year period within which to file an application for a writ of habeas corpus.  The limitation period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.  28 U.S.C. § 2244(d)(1)(A).

As provided by § 2254(d)(2), the time during which a properly filed application for state post-conviction or other collateral review, with respect to the pertinent judgment or claim, is pending shall not be counted toward any period of limitation under this subsection.  A "properly filed application" is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing. *Lovasz v. Scig*, 134 F.3d 146, 148-49 (3rd Cir. 1998); *Galindo v. Johnson*, 19 F.Supp.2d 697, 701 (W.D. Tex. 1998).  A court must look to state law to determine whether a state habeas application conforms to the state's procedural filing requirements. *Wion v. Quarterman*, 567 F.3d 146, 148 (5th Cir. 2009).

A state application is "pending" during the intervals between

---

[10](...continued)
Supplement To Petition With Copy of State Trial Court Order; record document number 14, Objection To State's Response To Petitioner's Supplement To Petition With Copy Of State Trial Court Order dated March 11, 2014 (sic).

6

the state court's disposition of a state habeas corpus petition and the petitioner's timely filing of petition of review at the next level. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).  An application ceases to be "pending" within the meaning of § 2244(d)(2) when the petitioner fails to timely file an application for supervisory review at the next level.  *Id.* at 407.  A state court's subsequent decision to allow review may toll the time relating directly to the application, but it does not change the fact that the application was not pending prior to the application. *Id.*  After the period for appeal or seeking discretionary review has lapsed, an application ceases to be pending, but a subsequent properly filed application entitles the petitioner to additional tolling beginning at the time of the "proper" filing.  *Id.*

1.  **Petitioner's Motion for Production of Documents Did Not Constitute Collateral Review Under 28 U.S.C. § 2244(d)(2)**

Petitioner argued that the limitations period was tolled while his Motion for Production of Documents, filed on December 8, 2009, remained pending.[11]  The gist of the petitioner's argument is that the Motion for Production of Documents constituted collateral review under 28 U.S.C. § 2244(d)(2) and had the effect of tolling the limitations period.

The Motion for Production of Documents was not an application

---

[11] Record document number 9, pp. 1-3, ¶¶ 1-4, Objection To States Answer To Petition For Writ Of Habeas Corpus.

for collateral review.   In *Wall v. Kholi*,\_\_\_\_\_U.S.\_\_\_\_, 131 S.Ct. 1278 (2011), the Supreme Court held that a post-conviction motion to reduce sentence filed by a state prisoner in accordance with Rhode Island law qualified as a motion for "collateral review" under § 2244(d)(2) for purposes of tolling the limitations period, because the motion was outside the direct review process and required a judicial reexamination of the prisoner's sentence to determine whether it was appropriate.   *See Kholi*, 131 S.Ct. at 1280.   The Court held "that the phrase 'collateral review' in § 2244(d)(2) means judicial review of a judgment in a proceeding that is not part of direct review."   *Id.* at 1282.

Although the petitioner's Motion for Production of Documents was filed outside the direct review process, it did not require a judicial reexamination of the petitioner's conviction or sentence. Rather, the motion requested copies of the *Boykin* examination, sentencing, arraignment and trial transcripts.[12]   The motion did not request that the petitioner's conviction or sentence be reexamined.[13]   *Kholi* itself distinguished the motion to reduce

---

[12] State Court Record, Vol. 3.

[13] The motion also did not call for "reexamination of a ... claim." *Kholi*, 131 S.Ct. at 1285 (emphasis added).   When § 2244(d)(2) grants tolling on an application for "review with respect to the pertinent judgment or claim," the type of claim to which it refers is one that can be raised in a § 2254 proceeding—that is, a claim that the applicant "is in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2254(a).

sentence considered in that case (which tolled the limitations period) from a discovery motion, saying: "A motion to reduce sentence is unlike a motion for post-conviction discovery or a motion for appointment of counsel, which generally are not direct requests for judicial review of a judgment and do not provide a state court with authority to order relief from a judgment." *Kholi*, 131 S.Ct. at 1286 n. 4.

Therefore, the petitioner's Motion for Production of Documents did not toll the limitations period for the purpose of § 2244(d)(2).

**2. The Trial Court Set a March 8, 2013 Return Date**

Petitioner argued that the trial court set a return date of March 8, 2013 to file an application for review in the Louisiana First Circuit Court of Appeal. Petitioner argued that because he filed his application on February 2, 2013,[14] it was filed timely.

The State questioned the authenticity of the order, purportedly signed on February 13, 2013, which granted the petitioner until March 8, 2013 to file supervisory review application in the Louisiana First Circuit Court of Appeal. The State argued that the East Baton Rouge Parish Clerk of Court Docket Report does not contain the signed order and the State Court Record does not contain the Motion and Order, signed or otherwise. The

---

[14] Record document number 9, p. 3, ¶ 5, Objection To States Answer To Petition For Writ Of Habeas Corpus.

9

State noted that although the petitioner attached to his federal habeas corpus petition numerous exhibits from the state court record (more than 120 pages of exhibits were attached), the petitioner did not attach a copy of the signed order.  The State further noted that the petitioner did not attach a copy of the signed order to his Louisiana First Circuit Court of Appeal application either, even though Louisiana Courts of Appeal Uniform Rule 4-5(11) required him to do so.[15]

Included among the exhibits attached to the federal habeas corpus petition are copies of the Notice of Intent and the proposed Order which the petitioner allegedly submitted to the state district court.[16]  Neither exhibit contains a date stamp indicating it was filed with the clerk of court, and the order is not signed by the state court judge.  A copy of the signed order was not submitted as an exhibit with the petition.  The Notice of Intent contained the petitioner's signature and is dated November 28, 2012.

---

[15] The State also called into question the actual date the application to the Louisiana First Circuit Court of Appeal was filed.  The State argued that the petitioner's copy, with a February 2, 2013 filing date (Exhibit 6), must have been altered. The State argued that the correct filing date is February 22, 2013, as demonstrated by the copy obtained directly from the First Circuit Court of Appeal.  As explained in footnote 3 above, the court concludes that the petitioner's application for review was filed in the Louisiana First Circuit Court of Appeal on February 22, 2013.

[16] Record document number 1-4, pp. 14-15.

A review of the copy of the signed order subsequently filed by the petitioner contains a clerk of court date stamp which indicates that it was filed on January 9, 2013.  The date stamp does not appear to have been altered but it does not contain the signature of a docket clerk.  However, a review of the state court record showed that not all of the other documents filed in the record contain a docket clerk's signature.

After considering the submissions and arguments of both parties, the court concludes that the State has not established that the signed order setting a return date of March 8, 2013 is not authentic.  Therefore, the court concludes that the petitioner was granted until March 8, 2013 to file an application for review in the Louisiana First Circuit Court of Appeal.  However, the evidence produced by the petitioner showed that he did not actually file his Notice of Intent until January 9, 2013.

### 3.   The Petition is Untimely

Petitioner's conviction became final on October 12, 2009.[17]

---

[17] For purposes of § 2244(d)(1)(A), a state conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review.  *See Causey v. Cain*, 450 F.3d 601, 606 (5th Cir. 2003) ("[A] conviction becomes final at the conclusion of direct review or when the time for such review has expired, as specified by AEDPA, regardless of when state law says finality occurs.").  Normally that time expires 90 days after the state court of last resort enters its judgment.  *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).  But when the defendant concludes his state-court direct appeal before it reaches the state court of last resort, "the conviction becomes final when
(continued...)

From October 12, 2009, the date the petitioner's conviction became final, until October 11, 2010, the date the petitioner signed his PCRA, 363 days of the limitations period elapsed.  From October 11, 2010, the date the petitioner filed his PCRA, until November 16, 2012, the date the trial court entered a written judgment denying the PCRA, the limitations period remained tolled.

Petitioner had 30 days from the date the trial court denied the PCRA to timely file an application for review in the Louisiana First Circuit Court of Appeal.  Louisiana Courts of Appeal Uniform Rule 4-3.[18]  However, the petitioner did not seek an extension of

---

[17](...continued)
the time for seeking further direct review in the state court expires." *Id*.  This federal rule applies even where state law provides that finality occurs on a different date.  *Compare* La. Code Crim. Proc. art. 922(B) (providing that the court of appeal's judgment becomes final under Louisiana law fourteen days after the rendition of judgment in all cases in which an application for a writ of review is not filed with the Louisiana Supreme Court), *and* La. Sup. Ct. R. X, § (5)(a) ("An application seeking to review a judgment of the court of appeal ... after an appeal to that court ... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal ...."), *with Roberts*, 319 F.3d at 693 n. 15 (noting that the judgment of an intermediate court of appeals is not final under Texas law until the mandate has issued), *and id.* at 694-95 (rejecting the argument that the mandate-issuance date should determine finality under AEDPA).

The conviction and sentence became final on October 11, 2009, which was a Sunday.  Thus, the time period was extended to the next business day for the court, which was Monday, October 12.

[18]     Upon proper showing, the trial court or the appellate court may extend the time for filing the application  upon the filing of a motion for extension of return date by the applicant, filed within the original or an extended
(continued...)

the filing date until January 9, 2013.  Therefore, the limitations period remained tolled for 30 days after November 16, 2013 and then resumed on December 17, 2012.[19]

From December 17, 2012, the date by which the petitioner should have filed his application in the Louisiana First Circuit Court of Appeal or sought an extension of the filing date, until January 9, 2013, the date the petitioner filed a Notice of Intent seeking an extension of the writ return date, 22 days of the limitations period elapsed.

From January 9, 2013, the date the petitioner sought an extension of the filling date until, November 22, 2013, the date the Louisiana Supreme Court denied review, the limitations period remained tolled.

From November 22, 2013, the date the Louisiana Supreme Court denied review, until December 16, 2013, the date the petitioner

_____

[18](...continued)
        return date period.  An application not filed
        in the appellate court within the time so
        fixed or extended shall not be considered, in
        the absence of a showing that the delay in
        filing was not due to the applicant's fault.
        The application for writs shall contain
        documentation of the return date and any
        extensions thereof; any application that does
        not contain this documentation may not be
        considered by the appellate court.
Rule 4-3, Uniform Rules-Courts of Appeal.

[19] The time to file an application for review or obtain an extension of time to do so expired on December 16, 2012, which was a Sunday.  Thus, the time period was extended to the next business day for the court, which was Monday, December 17.

signed his federal habeas corpus petition and presumably submitted it to prison officials for filing, an additional 23 days of the limitations period elapsed.

By the time he filed his federal habeas corpus petition, 408 days of the limitations period elapsed.  Absent a state-created impediment or equitable tolling, the petitioner's federal habeas corpus petition is untimely.

To establish a state-created impediment, "the prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003).  That is, the petitioner must show that the delay actually prevented him from filing a § 2254 petition in violation of the Constitution or federal law. *See id*. at 436-37.  Petitioner did not allege a state-created impediment nor has he made the requisite showing of one.

Nor is there any basis in the record for equitable tolling. The one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances." *United States v. Patterson*, 211 F.3d 927, 928 (5th Cir. 2000).  The doctrine "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).  "A petitioner's

14

failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 1814 (2005).

Ignorance of the law, lack of knowledge of filing deadlines, a claim of actual innocence, temporary denial of access to research materials or the law library, and inadequacies in the prison law library, are not sufficient to warrant equitable tolling. *Tate v. Parker*, 439 Fed.Appx. 375 **1 (5th Cir. 2011); *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *Scott v. Johnson*, 227 F.3d 260, 263 & n. 3 (5th cir. 2000). Claims of actual innocence do not "justify equitable tolling of the limitations period." *Cousin v. Lensing*, 310 F.3d 843, 849 (2002), *cert. denied* 539 U.S. 918, 123 S.Ct. 2277 (2003); *see also U.S. v. Riggs*, 314 F.3d 796, 800 n. 9 (5th Cir. 2002). The one-year limitations period established by § 2244(d) contains no exemption for a petitioner claiming actual innocence of the crimes for which he has been convicted. *Cousin*, 310 F.3d at 849.

Insofar as the petitioner argued that he is entitled to equitable tolling because he experienced a delay in obtaining

requested state court transcripts, which then delayed his seeking state habeas corpus relief, the argument is not persuasive.

Petitioner conceded that he filed a PCRA without ever obtaining a copies of the *Boykin* and sentencing transcripts which the state trial court ordered produced.   Moreover, none of the claims raised in the state PCRA and federal habeas corpus petition are related to *Boykin* or sentencing claims.  Because the petitioner failed to pursue his rights diligently, equitable tolling is not justified, and a review of the record disclosed no "rare and exceptional circumstances" to justify equitable tolling.  *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the petitioner's application for habeas corpus relief be denied as untimely.

It is further recommended that a certificate of appealability be denied for the reasons set forth herein.

Baton Rouge, Louisiana, March 28, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

16