UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DAVID LAMAR BANKS (#313249)**            CIVIL ACTION

**VERSUS**

**N. BURL CAIN, ET AL.**            NO.: 3:13-cv-00800-BAJ-SCR

## RULING AND ORDER

Before the Court is Petitioner's **PETITION UNDER 28 USC § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY (Doc. 1)**. The Magistrate Judge has issued a **REPORT (Doc. 16)**, recommending that "the petitioner's application for habeas corpus relief be denied as untimely," and, further, that the Court deny Petitioner a certificate of appealability, (*id.* at p. 17). Petitioner filed timely objections to the Magistrate Judge's Report. (Doc. 17).

Having carefully considered Petitioner's **MOTION (Doc. 1)** and related filings—including Petitioner's objections[1]—the Court **APPROVES** the Magistrate Judge's **REPORT (Doc. 16)** and **ADOPTS** it as the Court's opinion with one clarification: to the extent that the Magistrate Judge's Report may be read to "question . . . whether a claim of actual innocence [can] be an underlying basis for

---

[1] Among other things, Petitioner asserts in his Objection to Magistrate's Report and Recommendation that his "September 16, 2010 . . . . Motion for production of documents should be considered [a motion for] collateral review" for purposes of tolling AEDPA's statute of limitations. (*See* Doc. 17 at p. 2). However, as noted by the Magistrate Judge, (*see* Doc. 16 at p. 9), the Supreme Court foreclosed this argument in *Wall v. Kholi*, when it reasoned: "a motion for post-conviction discovery [is] generally . . . *not* [a] direct request[] for judicial review of a judgment and do[es] not provide a state court with authority to order relief from a judgment." 131 S. Ct. 1278, 1287 n.4 (2011). Accordingly, such a motion is *not* sufficient to toll AEDPA's one-year statute of limitations. *Id.*

equitable tolling, (*see* Doc. 16 at p. 15), the Court notes that "the U.S. Supreme Court answered that question in the affirmative" in *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013). *See Sutton v. Cain*, 722 F.3d 312, 315 n.4 (5th Cir. 2013). However, because Petitioner has failed to make "a credible showing of actual innocence," *McQuiggin*, 133 S. Ct. at 1931, this clarification has no bearing on the ultimate result in this case.

Accordingly, for the reasons explained in the Magistrate Judge's Report (Doc. 16),

**IT IS ORDERED** that Petitioner's **§ 2254 PETITION (Doc. 1)** is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because Petitioner has failed to "ma[ke] a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Baton Rouge, Louisiana, this 19th day of June, 2014.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**